# Lancaster *versus* Smith and Wife.

| 67 | 427 |
|189| 68|

67      427
f 36 SC ¹528

1. A scire facias on a mortgage is on the instrument, not on the registry.

2. The proper plea denying the instrument is *non est factum,* not *nul tiel record.*

3. On the trial the exemplification is as good evidence as the mortgage itself, without accounting for its non-production.

4. A party may issue a scire facias and proceed to trial without the actual custody of the mortgage, or when satisfaction appears to have been entered on the record.

5. Mrs. Smith held a mortgage against Cornman, he sold his land to Lancaster and forged her name to a power of attorney under which satisfaction was entered on the mortgage. On a scire facias against Lancaster, evidence that Cornman continued to pay her interest after the satisfaction, was

[Lancaster *v.* Smith.]

admissible as corroborative of Cornman's fraud but not as a fact to operate against Lancaster.

6. The mortgagee could be relieved against the forged power of attorney, unless she had done acts to mislead Lancaster.

7. The entry of satisfaction is the act of the party not of the recorder.

8. The registry of a deed is not such a record as imports absolute verity.

9. A mortgagee is not bound by the entry of satisfaction by an agent, founded on a fraud and forgery.

10. Musser *v.* Hyde, 2 W. & S. 314, Coyne *v.* Souther, 11 P. F. Smith 455, distinguished; Fleming *v.* Parry, 12 Harris 47, applied.

February 6th 1871.   Before THOMPSON, C. J., AGNEW, SHARS-WOOD and WILLIAMS, JJ.   READ, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 164, to July Term 1870.

This was a scire facias sur mortgage, issued August 31st 1867, by James B. Smith and Josephine C., his wife, late Josephine C. Malony, in her right, against Samuel A. Cornman and John Lancaster terre-tenant.

The mortgage as set out in the scire facias was dated May 27th 1863, from Samuel A. Cornman, attorney at law, to Josephine C. Malony, to secure the payment of $2600 with interest in three years, and was on a lot of ground on Tasker street in Philadelphia, near Sixth street, being 125 feet in front by 100 feet in depth.

The terre-tenant pleaded: 1. That there was not such an indenture of mortgage as is in the said writ of scire facias mentioned and described; 2. That the said plaintiffs had not the alleged indenture of mortgage in the said writ of scire facias mentioned and described; 3. That the said writ of scire facias was not issued upon the said alleged indenture of mortgage therein mentioned and described; 4. Payment with leave, &c.

Satisfaction had been entered on the record of the mortgage, by virtue of a power of attorney purporting to have been executed by Josephine C. Malony, the plaintiff; her signature to the power of attorney was alleged to be a forgery.

On the trial the plaintiffs offered in evidence the *record* of the mortgage with the satisfaction on the margin, acknowledged February 19th 1864 before the recorder of deeds by E. C. Mitchell, Esq., as attorney in fact for Josephine C. Malony; and in connection with this, the letter-of-attorney book containing the record of the power of attorney, recorded February 19th 1864, to be followed by proof that the power of attorney was a forgery.

The offer was objected to and rejected until after evidence that the power of attorney was a forgery.

Josephine C. Smith (Malony) then testified that she never satisfied the mortgage nor authorized any one to satisfy it.   On cross-examination, she said: "I never had the mortgage in my possession, but have frequently had it in my hands at Mr. Corn-

man's office; he kept it; he kept and took charge of all my papers." The power of attorney being shown to her, she said she had gone to Mr. Mitchell's office in reference to it, that the signature to the paper was not hers; that she wrote her signature on a blank piece of paper at Mr. Mitchell's office. She was asked whether she did not say to Mr. Mitchell, that the signature to the power of attorney was hers but she did not know when she made it. To this she replied: "I looked at the power of attorney and said 'is not that a good forgery?'" She further, in answer to a question, said, that she did not acknowledge the power of attorney at Alderman McCahen's office or any where else.

The plaintiffs then gave in evidence the power of attorney to Mr. Mitchell, the blank paper containing her signature, and other powers of attorney with her admitted signature. They then offered in evidence the record of the mortgage, with the entry of satisfaction, and the letter-of-attorney book containing the record of the power of attorney to Mr. Mitchell.

The terre-tenant, Lancaster, objected to the offers :—

1. That the said offers were irrelevant to the issues made up by the pleadings, viz. :—

That there is no such mortgage now existing, and the plaintiffs have not the mortgage mentioned in the writ of scire facias.

2. That the records are but secondary evidence, and are not admissible until the absence of the original paper is accounted for.

3. That if the mortgage is lost, the method of proceeding as provided by Act of Assembly is by bill to the Court of Common Pleas, sitting as a court of equity.

4. That satisfaction of the said mortgage is entered upon the face of the record, as produced.

The court admitted the evidence, and sealed a bill of exceptions.

The terre-tenant gave in evidence a deed from J. M. Paynter and Samuel Cornman, to himself, for a lot of land of which the lot covered by the mortgage was a part, and the searches accompanying the same. He then called Paynter, who testified, that after the searches had been made he went to Cornman and told him that a mortgage appeared against his portion of the lot. Cornman went out and brought Mrs. Malony (Smith, the defendant) up in the front of his office on the street; he came up-stairs and held up a paper to witness; she remained on the pavement; Cornman told witness—Mrs. Malony being present—to tell Mr. Lancaster to come up next morning; that the mortgage would be satisfied; witness and Lancaster came up next morning and Lancaster paid for the property; he knew of the mortgage; it was satisfied before he paid.

Mr. Mitchell testified that he entered satisfaction under the power of attorney; Cornman was at the recorder's office at the time with the mortgage; Cornman requested witness to enter the

[Lancaster *v.* Smith.]

satisfaction to save a lady client of his the trouble of going to the office; witness recognised the alderman's signature as Alderman McCahen's. More than a year afterwards, Mrs. Malony (Smith) called at his office; at his request she wrote her signature on a blank piece of paper as she had done when her name was Malony. He then took the power of attorney, covered all but her signature; she said it was her signature; having removed the covering and told her it was the power of attorney; she examined it again and said it was undoubtedly her signature, but she did not remember signing it. She did not then say that it was "a good forgery."

Simon Gratz, Esq., who was at Mr. Mitchell's office at the time, testified substantially as Mr. Mitchell, and the terre-tenant closed his case.

The plaintiff, Mrs. Smith, was called in rebuttal, and asked if when she was at Mr. Mitchell's office she said that the signature to the power of attorney was hers. The terre-tenant objected to the question as opening the plaintiff's case anew, and that it was not admissible in rebuttal. The question was allowed, and the court sealed a bill of exceptions. She testified in contradiction of Mr. Mitchell's statement, and also of Mr. Paynter's.

She further testified, under objection and exception, that Cornman paid her interest on the mortgage until April 1866.

The terre-tenants submitted points which, with their answers, will be found in the assignment of errors.

The verdict was for the plaintiffs for $3337.20.

The terre-tenant took out a writ of error, and assigned for error :—

1, 2 and 3. The admission of the evidence contained in the bills of exceptions.

4. That the court below declined to charge the jury as contained in the third point submitted on behalf of said Lancaster, to wit, that if the plaintiffs had not the mortgage, and it appeared to be satisfied of record when this suit was commenced, the plaintiffs were not entitled to issue the writ of scire facias as upon a mortgage in their possession and remaining unsatisfied of record.

5. That the court declined to charge the jury as contained in the 4th point, to wit, that if Lancaster purchased and paid for the property conveyed to him, on the faith that the mortgage was satisfied, the plaintiffs have a remedy against the recorder, if the letter of attorney under which the mortgage was satisfied was a forgery, for taking and entering such acknowledgment of satisfaction.

6. That the court charged the jury that if Cornman forged Mrs. Malony's signature to the letter of attorney, the plaintiffs might recover in this action, notwithstanding the entry of satisfaction in the record.

[Lancaster *v.* Smith.]

7. That to the 6th point, to wit, "if the jury find from the evidence that the signature to the letter of attorney was forged; but also find that Mrs. Malony allowed Cornman to have the custody of her mortgage, and that Lancaster was not in any manner in collusion with Cornman to have the satisfaction of the mortgage entered on the record, then the plaintiffs should not recover in this action; for if one of two innocent parties are to suffer, it should be that one who put it into the power of Cornman to do the injury;" the court charged the jury that the proposition would be true if the signature was not forged, but that if it was forged the rule would be otherwise, and the plaintiffs would be entitled to recover.

*W. S. Price*, for plaintiff in error.—The acts or declarations of Cornman, after he had parted with his title to the premises, were not evidence against Lancaster, who had no knowledge of them : Hoffman *v.* Lee, 3 Watts 352 ; Scott *v.* Heilager, 2 Harris 238. There is no Act of Assembly which authorizes a scire facias upon a copy of a mortgage, or even upon the record of a mortgage, but only upon the mortgage itself. The plea of *nul tiel record* to a scire facias *sur mortgage* is a nullity, because the writ issues upon the mortgage and not upon the record of it. A bonâ fide purchaser is entitled to rely upon the face of the record of encumbrances, and is not required to guaranty its correctness. The record imports verity to the purchaser who consults it, and it may not to his injury be proved otherwise : Ridgway, Budd & Co.'s Appeal, 3 Harris 177 ; Hance's Appeal, 1 Barr 408; Goepp *v.* Gartiser, 11 Casey 130 ; Magaw *v.* Garrett, 1 Casey 319 ; Thomas *v.* Jarden, 7 P. F. Smith 331; Coyne *v.* Souther, 11 Id. 455. The alderman's certificate being genuine, was conclusive as to the acknowledgment : Jamison *v.* Jamison, 3 Whart. 457 ; Louden *v.* Blythe, 3 Casey 22. It is error to confine the jury to one aspect of the case, when there is more than one which they should consider : Garrett *v.* Gonter, 6 Wright 143.

*J. H. Sloan* and *J. Goforth*, for defendant in error.—There was no demand of oyer of the mortgage before plea filed. The question was simply one of evidence at the trial, for which the record was sufficient : Curry *et al. v.* Raymond, 4 Casey 144. If several distinct matters be pleaded, and some conclude to the court and others to the country, and there be a verdict and judgment for the plaintiff, it will be presumed that the case was decided by the appropriate tribunal : Baxter *v.* Graham, 5 Watts 418; Wall *v.* Fife, 1 Wright 394 ; Coates *v.* Roberts, 2 Phila. Rep. 244 ; Ewart *v.* Irwin, 1 Id. 78. Allowing a witness to be examined in rebuttal is within the discretion of the court below : Gaines *v.* The Commonwealth, 14 Wright 319. A plaintiff may

[Lancaster *v.* Smith.]

sue upon an exemplification of the mortgage on which satisfaction is endorsed, and avoid the effect of this endorsement by proving an assignment of the obligation secured thereby prior to the entry of satisfaction : Rhoads *v.* Commonwealth, 3 Harris 272 ; Roberts *v.* Halstead, 9 Barr 32.

The opinion of the court was delivered, May 8th 1871, by

AGNEW, J.—The first and fourth assignments of error may be considered together.   Both relate to the right of the plaintiff to sue upon a mortgage not in actual custody, and the effect of the registry of the instrument.   There is no doubt that the scire facias on a mortgage is founded on the instrument itself, and not upon the record made of it.   Such is the necessary effect of it as a mere deed and of the proceeding upon it authorized by the Act of 1705, § 6.   Hence the proper plea in denial of the instrument is *non est factum* and not *nul tiel record :* Roberts *v.* Halstead, 9 Barr 34.   But in the trial of the scire facias an exemplification of the record of the mortgage is as good evidence as the instrument itself. This is the express provision of the 5th section of the Act of 28th May, 1715, Brightly's Dig. 321, pl. 74, and is sanctioned by judicial decision : Curry *v.* Raymond, 4 Casey 144.   See also the Act of 21st of February 1834, § 1, Brightly's Digest 425, pl. 24. It is therefore clear that the exemplification was proper evidence without producing the original mortgage, or accounting for its non-production.   Of course if the original be needed by the defendant as evidence, he has the power to compel its production. Nor is the actual custody or manual possession of the mortgage essential to issuing of a scire facias upon it.   The right of a party to issue his scire facias, and to proceed to trial on the mortgage without its actual custody, or when satisfaction appears to have been entered on the record, is distinguishable from the effect of non-production, or of such an entry as evidence in the trial of the cause.   Otherwise the door would be shut against the mortgagee when he has been deprived of his paper by wrong, or has been the victim of fraud or forgery.   As evidence in the trial, the possession of the mortgage by the attorney and confidential agent of Mrs. Maloney was a strong circumstance, and went to the jury ; but we cannot say that this circumstance was a barrier to bringing suit, or to the exemplification as evidence for the plaintiff.

There is no weight in the second and third assignments of error. Though Mrs. Smith had been examined touching the power of attorney, and Mitchell was called to contradict her, yet a denial of her statement as proved by Mitchell, was strictly in rebuttal of the particular fact stated by him ; and it was at all events a question of order lying very much in the discretion of the court. The payment of interest to her by Cornman was given in evidence, not as a fact in itself to operate against Lancaster after he had

[Lancaster v. Smith.]

received his deed, but as a corroborative circumstance of the fraud committed by Cornman upon herself.

The fifth, sixth and seventh assignments may be discussed together. The question whether Lancaster has a remedy against the recorder who attested the entry of satisfaction by Mr. Mitchell, as the attorney of Mrs. Malony, is not in the cause, and demands no expression of our opinion. The true question is, whether she can relieve herself from the forged power of attorney under which Mitchell acted. Certainly she can unless she has done acts to mislead Lancaster, and has thereby equitably estopped herself from a recovery against him, or unless the entry of satisfaction is of that official character which in itself protects him. In order to be estopped she must have done something upon the faith of which Lancaster accepted his deed, and which tended to mislead him. It is not pretended that she ever made any representation to him, or did any act herself which misled him. Even the pantomime, enigmatical as it was, which Cornman made her play before Joseph M. Paynter, was not, so far as it appears, communicated to Lancaster. In short, so far as Lancaster knew or acted, there was nothing in the evidence to estop her, except the fact of the entry of satisfaction under the forged power. The confidential relations between Mrs. Malony and Cornman, and the fact that the mortgage had never been in her own custody, do not appear to have been known to Lancaster, or acted upon by him before he took the deed from Paynter and Cornman and paid his money. There is therefore nothing but the unauthorized entry of satisfaction on the record in the case. Now clearly Mrs. Malony is not estopped by the forged power of attorney, and the question turns wholly upon the entry of the satisfaction upon the record. The plaintiff in error contends that the official character of the recorder of deeds invests his act of attestation with a quality which will discharge the mortgage in favor of an innocent purchaser for value. In this he is met in part by his own statement that the scire facias is founded not on the record, but upon the mortgage itself; and therefore the act which affects or extinguishes it, is one to be done by the party to the instrument, and not by an officer. And following up this thought we find that satisfaction is the act of the party and not of the officer, as is shown by the 9th section of the Act of 28th of May 1715, Brightly's Dig. 326, pl. 106. He must go to the record and enter it there, and if he do not he is liable to a penalty. The register or record so called is not one which imports absolute verity. "A record it undoubtedly is (says Woodward, J.), but not a record to which the maxim applies, the proper application of which is to judicial records—those which are potentially, if not actually, made up under the eye of the judge in the presence of the parties, after hearing them—and these are kept by the *custos*

17 P. F. SMITH—28

*rotulorum*, and not by the recorder:" Fleming *v.* Parry, 12 Harris 47.   That is precisely the distinction between this case and Coyne *v.* Souther, 11 P. F. Smith 455, where the act of the prothonotary, being judicial in character, was held to conclude.   The act of a recorder is held also to be conclusive where it is purely an official act required to be done by law; as where he makes the entry of the date of receiving a mortgage for record: Musser *v.* Hyde, 2 W. & S. 314.   But in the case before us, it is the duty of the mortgagee to enter the satisfaction, and the recorder only receives and attests the act.   Here then was an entry of satisfaction purporting upon its face to be done by an agent or attorney, and not by the party herself.   That the agent made the entry is undeniable, for of this the official attestation of the recorder is evidence.   But that the agent was authorized to make it depends on the power of attorney, and not on the attestation of the recorder.   This brings us to face the true question, to wit, is the mortgagee bound by the unwarranted act of the agent, founded on a fraud and a forgery?   It is clear she is not, unless estopped by some act of her own, which gave it color and misled an innocent purchaser.   The recorder's attestation of the act of the agent has not therefore the conclusive effect the plaintiff in error attributes to it; nor the agent's act the presumptive authority of that of an attorney at law, as in Thomas *v.* Jarden, 7 P. F. Smith 331, cited by the plaintiff in error.

The judgment is therefore affirmed.

SHARSWOOD, J., dissented.