## Erastus N. Lee, Receiver of Fox et al., Appellants, v. William Newland et al.

*Tax deed—Acknowledgment—Evidence—Record.*

A deed from a county treasurer for land sold at a tax sale, is not valid to pass the title without acknowledgment in open court and a record of the acknowledgment in the minutes of the court.

The acknowledgment of a tax deed is a judicial act which must be done in open court, and the minutes of the court are the only proper evidence of the acknowledgment.

Parol evidence of the acknowledgment, or the deed itself, with a certificate of acknowledgment indorsed thereon, is insufficient, when the minutes of the court show no registry of the acknowledgment.

*Tax deeds—Erasures—Evidence.*

It seems that where, in a tax deed, the printed words "said second Monday in June," are erased, and the words "24th day of Jan. at an adjourned sale" interlined over the erasure in the same ink and handwriting as the body of the deed, the alteration is not such as requires explanation prior to the admission of the deed in evidence.

Argued Oct. 4, 1894. Appeal, No. 181, Oct. T., 1894, by plaintiffs, from judgment of C. P. Forest Co., May T., 1893, No. 26, for defendants, non obstante veredicto. Before·STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Ejectment. Before NOYES, P. J.

The court charged as follows:

" The plaintiffs in this case claim to recover from the defendants a piece of land containing 50 acres more or less, being subdivision No. 43 of original warrant No. 2995, situated in Howe township, formerly a part of Tionesta township, in this county. As the basis of their claim they give in evidence assessments of this land as unseated with taxes for the years 1856 and 1857, and a treasurer's deed from Charles J. Fox, then the treasurer of Forest county, to one Oscar Fox, bearing date the 24th day of January 1859. Attached to the deed is a certificate signed by George W. Rose, prothonotary of Forest county, and the seal of the court of common pleas certifying that the deed was acknowledged in open court of Forest county on the     day of     month, in the year 1859, by the treasurer. There is also given in evidence the original book which was kept in the treasurer's office, showing the sales of the unseated lands for taxes in the year 1858. On the page under date July 15, 1858, 'Sales adjourned until the 26 of Sept. 1858. Sept. 28, 1858, sales adjourned until Dec. 28, 1858.' On the following page under date of Sept. 26, 1858, it is written, 'Adjourned until Dec. 28, 1859.' The entries first read, where the sales appear to be adjourned until Dec. 28, 1858, are under the heading of ' Millstone Township,' and the one which reads ' Adjourned until Dec. 28, 1859 ' is under the heading of 'Barnett Township.' I should state that below the entry of ' Adjourned until Dec. 28, 1859,' Tionesta township, is an entry of a sale of 100 acres warrant 2995 to Oscar Fox under date of January 24, 1859.

" The minute book No. 1, a docket in which is kept a record of acknowledgments of treasurer's deeds, was given in evidence. On pages 3, 4, and 5, is the record of deeds acknowledged on Tuesday, the 28th day of September, 1858, by Charles J. Fox, treasurer. On page 6 it is headed, ' At a court of com-

mon pleas held at Marien, in and for the county of Forest, on Tuesday the 27th day of September, 1858, Charles J. Fox acknowledged certain deeds;' and among other deeds is the entry ' Deed to Oscar Fox for 100 acres, warrant No. 2995.' The figure ' 8 ' in the year 1858 on this page appears to be in a different ink from the other writing and to be written over an erasure, but at the top of the page is the heading ' September Term, 1858,' and apparently in the same handwriting as the rest of the entry.

" Now, gentlemen of the jury, under the facts which I have stated to you and this state of the record, the court is in doubt whether the plaintiffs have established a prima facie title to this land, and that question I desire to reserve, that is to say, whether the documents and facts which I have stated upon the record here entitle the plaintiffs to recover the land."

Plaintiffs' points were, among others, as follows :

" 1. The unseated assessments of subdivision No. 43, 100 acres of warrant No. 2995, for the years 1856 and 1857, together with the deed from Charles J. Fox, treasurer of Forest county, to Oscar Fox, for the same land, offered in evidence, establish a prima facie title to said land in favor of the plaintiffs." Refused. [1]

" 2. The defendants have shown no sufficient evidence to overcome the prima facie title in the plaintiffs established by the facts recited in the preceding first point." Refused. [2]

6. Request for binding instruction. Refused. [3]

The verdict was as follows :

" We find for the plaintiff the land described in the writ, subject to the opinion of the court upon the question of law reserved, to wit : Whether, in view of the facts appearing by the assessments of unseated lands of Tionesta township for 1856 and 1857, the entries in the book called the Treasurer's Sales Book at pages under date of July 15, 1858, Sept. 26, 1858, and including the entry, under date Sept. 26, 1858, ' adjourned until Dec. 28, 1859,' given in evidence, the deed from Charles J. Fox, treasurer, to Oscar Fox, with the certificate of the prothonotary thereto attached ; the entries in minute docket of treasurer's deeds given in evidence, all which books and documents are made a part of this finding, the plaintiffs are entitled to recover. If upon the facts appearing in said docu-

ments and records, being the same stated in the charge of the court, the court shall be of opinion that the plaintiffs are entitled to recover, then judgment is to be entered for the plaintiffs. If upon said facts the court should be of opinion that the plaintiffs are not entitled to recover, then judgment to be entered for the defendants, non obstante veredicto."

The following opinion was filed by NOYES, P. J. :

" On the trial we were of opinion that the defendants had failed to identify the land sold for taxes to Wynkoop in 1851 with the land described in the writ of ejectment, and that the payment of taxes without possession or other acts of ownership for a long term of years did not alone raise any presumption of ownership against one who claims the land under a valid title. Whether this latter opinion was correct or not is not now before us, and the former is immaterial, for it is conceded that if the tax title to Oscar Fox in 1859, under which the plaintiffs .claim, is valid, any title in the defendants' grantors under the former sale was cut off. The question therefore was whether the plaintiffs had shown a valid title in themselves, and as the evidence consisted wholly of deeds and records, the force and effect of which it is the duty of the court to declare, both parties required the opinion of the court upon the points of law involved by written requests, and with the concurrence of the counsel on both sides the facts in evidence were stated on the record and a verdict taken for the plaintiffs, subject to the opinion of the court upon the law of the case.

" The plaintiffs claim under a deed from Charles J. Fox, treasurer, to Oscar Fox, dated Jan. 24, 1859, which deed recites that the land was sold for the unpaid taxes for the years 1856 and 1857, at an adjourned sale on the day of the date of the deed, and that the sale was by public vendue or outcry and to the highest bidder. The printed words, ' said second Monday in June,' are erased, and the words ' 24th day of Jan. at an adjourned sale ' interlined over the erasure, in the same ink and handwriting as the body of the deed. We do not consider this such an alteration as requires explanation prior to the admission of the deed in evidence. It was manifestly done at the time the deed was drawn.

" At the foot of the deed is a receipt for the purchase money filled up but not signed by the treasurer, and a certificate that

the deed was acknowledged in open court on the day of in the year of our Lord one thousand and eight hundred and fifty-nine. This certificate is signed by Geo. W. Rose, prothonotary, and purports to be under the seal of the court. At the left of the certificate, in the usual place of the seal, is a faint ring, but no letters can be distinguished.

" Notwithstanding the want of date to the certificate, and the illegibility of the seal, we think this deed was prima facie evidence of the facts recited in it, as well as of its due acknowledgment in open court: Lee v. Jeddo Coal Co., 84 Pa. 80 ; Coxe v. Deringer, 78 Pa. 271 ; Thompson v. Chase, 2 Grant, 367 ; Duff v. Wynkoop, 74 Pa. 300 ; Foust v. Ross, 1 W. & S. 508.

" The sales book kept by the treasurer was given in evidence by the defendants to show that no adjourned sales were held on the 24th of January, 1859, the date recited in the plaintiffs' deed. No formal entry of any adjournment to that day appears, but it shows an adjournment of sales to Dec. 28, 1858, and there is a note of the sale to Fox on the 24th of January, 1859. There is another set of entries which show the sales adjourned from the 28th of September, 1858, to the 28th of Dec., 1859, many months after the sale to Oscar Fox purports to have been made. But as the sales book is not a record required by law, but merely a book kept for the convenience of the treasurer, we think it ought not to outweigh his solemn declaration in the deed which the law does require, and which is done under the sanction of his official oath. If the sales book was positive in the declaration that there were no adjourned sales between Sept., 1858, and Dec., 1859, a question of fact might have been raised which we should have submitted to the jury ; but the two sets of entries are inconsistent with each other, and the most that can be said is that one or the other is a mistake, and there is no means afforded by the evidence of determining with certainty which one is correct. The probability is that the December, 1859, should be December, 1858, but at all events there is no such contradiction of the recitals in the deed as would justify the submission of the deed and the book to a jury.

" The defendants, to show that the deed to Oscar Fox under which the plaintiffs claim was not acknowledged in open court

as required by law, gave in evidence the minute docket of the court of common pleas of Forest county, the book containing the record of such acknowledgments. This book also exhibits a most lamentable inaccuracy in the prothonotary then in office. Under the heading dated 'Tuesday the 28th day of September 1858' there is an entry that Charles J. Fox, treasurer of Forest county, acknowledged in open court certain deeds, among which is a 'deed to Oscar Fox for 100 acres warrant No. 2995,' which is the land in dispute. The entry recites, however, that this acknowledgment was on Tuesday the 27th day of September, 1858. The defendants claim that this shows that the deed under which the plaintiffs claim was not in fact acknowledged in open court, since the only entry of an acknowledgment to Oscar Fox is several months prior to the sale recited in the plaintiffs' deed, and to the date thereof. The figure '8' in the year of the last date above referred to is manifestly written over an erasure. A reference to the almanac shows that the 27th of September, 1858, fell on Monday and not on Tuesday; and that in 1859 it fell on Tuesday. These facts lend some color to the argument that the original date was September, 1859, which would be in harmony with the deed, and would thus supply the date to the certificate on the deed. If it is to be considered merely as a question of contradiction, what we have said in respect to the sales book would be equally applicable. The uncertainty of the minute docket would not overthrow the certainty of the certificate on the deed, which, though failing to give the date, is positive to the fact that the deed was acknowledged in open court. The presumption is that the deed was executed at its date, and that it was signed before it was acknowledged. But if the record of the acknowledgment is essential to the validity of the deed, then we think it cannot be said that such a record exists. As we cannot contradict or supply the record by parol, we must treat it as correct, and the deed which it declares was acknowledged Sept. 27, 1858, cannot be the deed dated Jan. 24, 1859, or if so, then the record clearly shows that it was acknowledged before the sale took place or the deed was executed.

"In Bellas v. McCarty, 10 Watts 13, it was held that the acknowledgment of a sheriff's deed is a judicial act and must be acknowledged in open court, of which the minutes of the court

made by the order thereof are the proper evidence. The case is very carefully considered and the precise points decided by the majority of the court are carefully stated at the end of the opinion by Mr. Justice ROGERS as follows:

" ' This court are of opinion that the acknowledgment is a judicial act, and that a sheriff's deed must be acknowledged in open court to be valid against a bona fide purchaser without notice either actual or constructive. That parol evidence of the acknowledgment is inadmissible in a collateral proceeding, whether by witnesses present in court at the time of the acknowledgment by witnesses who saw the entry of the acknowledgment on the deed, or by the production of the deed itself, with an acknowledgment on the back, when no registry has been made of it in court. We say this cannot be in a collateral proceeding, although by the last case put it would be competent for the court to amend the record by making a registry of the acknowledgment, though this would in no case be permitted without saving the rights of third persons.'

" In Patterson v. Stewart, in the same book, at page 472, these principles were applied by the court in a similar case, namely, one in which the sheriff's deed was lost, but secondary proof was made of its contents, including the certificate of its acknowledgment in open court indorsed on the back. In Foust v. Ross, 1 W. & S. 508, it is said that the certificate of the prothonotary on the deed is prima facie evidence of acknowledgment where it does not appear that there is in fact no registry on the records of the court; and in Duff v. Wynkoop, 74 Pa. 300, the certificate on the deed appears to have been received in evidence, though no question was made that the acknowledgment was duly registered. But the decision that, in the absence of a record among the minutes of the court, no other evidence is sufficient, is not shaken by any subsequent case which we have been referred to or which has fallen under our observation.

" That the acknowledgment of a treasurer's deed in open court is subject to the same principles as those affecting the deed of a sheriff, cannot be doubted. By the act of 1804 the deeds for land sold for taxes were to be made by the sheriffs, and until 1809 they were so made. Subsequent laws transferred the duty from the sheriffs to the county treasurers, but without affecting the mode of proceeding. The acknowledg-

ment of the deed in both cases is a judicial act, and passes the title of real estate from the former owner to another by 'operation of law.   In the case of sales for taxes the registry of the acknowledgment in open court is the only record which the law requires to be kept from which any person interested, former owner or intending purchaser, can learn whether the land has or has not been sold for taxes.   True, there may be a book kept in the treasurer's office, which will give notice, and there may be a record of the deed in the recorder's office, but the former is not required, and the latter was not authorized until 1846.   The courts have uniformly given to the record of acknowledgment in open court the same effect, whether the deed was made by the sheriff or treasurer.   See Duff v. Wynkoop, supra.

" The minutes of the court being in evidence in this case and showing no registry of any such deed as that exhibited by the plaintiffs as the foundation of their title, we are required, both by authority and the reason of the case, to hold that the acknowledgment of the deed in open court as required by law has not been proved.   Whether or not, upon application of the plaintiffs, the record might have been amended, we are not at this time required to determine.   We have grave doubts whether the facts in evidence here would justify it, but at all events it has not been done.

" A single question remains.   Is a deed from a treasurer for land sold at tax sale valid to pass the title without acknowledgment in open court ?

" We think this must be answered in the negative.   The acknowledgment is something more than a mere authentication of the treasurer's signature ; it is a judicial act, ·the completion of the process by which the land of a citizen is taken for his debt to the public.   The law gives him two years in which to redeem, and the test of regularity in many cases has been whether or not the owner, coming to examine, would learn of the sale of his land.   As we have said already, the minute of the acknowledgment is the only public record required by law which will afford that information.   Moreover, though the sale may be irregular, even though no surplus bond were taken, the limitation in the act of assembly bars the owner from recovering his land after five years from the delivery of the deed to

the purchaser. This is because the law authorizes the owner to bring ejectment against the purchaser at a tax sale whether in possession or not. But if the deed is not acknowledged in open court and duly registered, how shall the owner know, if he search the records ever so carefully, that his land has been sold, or whom he shall bring his ejectment against, or how long he has to redeem.

" These things may indeed be ascertainable from other records kept without any legal requirement, but in requiring the treasurer to acknowledge his deed in open court the law intended to consummate the confiscation of property for nonpayment of taxes by a solemn act done publicly in open court by whose records it would always appear, that no person interested could justly claim to be ignorant. It is the duty of the purchaser to see that his deed is so acknowledged and registered, and of every purchaser of a tax title to examine the record of acknowledgments for himself.

" For these reasons we are compelled to direct judgment to be entered for the defendants non obstante veredicto, and it is so ordered."

*Errors assigned* were (1–3) above instructions, quoting them; (4) entry of judgment.

*D. I. Ball, C. C. Thompson,* with him, for appellants.—The facts recited in the deed raise the presumption that the officer performed his duties : Lee v. Coal Co., 84 Pa. 80 ; Thompson v. Chase, 2 Grant, 367 ; Coxe v. Deringer, 78 Pa. 271 ; Coxe v. Deringer, 82 Pa. 236.

The presumption is that the land was sold according to law : McCoy v. Michew, 7 W. & S. 386.

Tuesday, Sept. 27, was in the year stated in the certificate, and the figure " 8 " was written over an erasure. In the absence of proof of any other deed this record will be presumed to relate to this deed.

The certificate of the prothonotary under the seal of the court was sufficient evidence of the execution of the deed without showing the record : Foust v. Ross, 1 W. & S. 501 ; Duff v. Wynkoop, 74 Pa. 300.

The fact that a deed bears a date subsequent to the date of

its acknowledgment, is no reason for excluding it from evidence : Proffet on Notaries, § 38, p. 67.

*W. W. Wilbur*, *William Schnur* and *T. F. Ritchie*, with him, for appellees.—Erasures do not divest the estate, but only prevent the deed from being given in evidence by the party making them, if material.   If immaterial, or the party offering the deed did not make the erasures, the deed is evidence : Withers v. Atkinson, 1 Watts, 250 ; Robertson v. Hay, 91 Pa. 246 ; Zimmerman v. Camp, 155 Pa. 152.

Unseated land can only be sold by the county treasurer in pursuance of public notice, and by open vendue.   He has no authority to make private sales : Cuttle v. Brockway, 32 Pa. 45 ; Act of March 13, 1815, § 1, 6 Sm. L. 299 ; Purd. 1674, § 17 ; Morton v. Harris, 9 Watts, 323.

The adjournment must be to a day certain : Burns v. Lyon, 4 Watts, 363 ; Paden v. Akin, 7 W. & S. 457 ; Coxe v. Deringer, 78 Pa. 271 ; Lee v. Jeddo Coal Co., 84 Pa. 80 ; Foust v. Ross, 1 W. & S. 508.

When the sale is not by public vendue or outcry, in pursuance of notice, it is a private sale and invalid : Jenks v. Wright, 61 Pa. 410 ; Phila. v. Miller, 49 Pa. 448.

The treasurer's deed is to be acknowledged in open court. It is a judicial act of the court, requiring its sanction, and therefore the acknowledgment must be evidenced by the records of the court : Bellas v. McCarty, 10 Watts, 13 ; Patterson v. Stewart, 10 Watts, 472 ; Duff v. Wynkoop, 74 Pa. 304.

PER CURIAM, Oct. 15, 1894 :

We find no error in this record that would justify a reversal of the judgment.   All the questions properly presented by the specifications of error were rightly decided by the learned president of the court below.   It is unnecessary to add anything to what is so well said in his opinion ; and on that the judgment is affirmed.