# Central Pennsylvania Lumber Company v. Bristol, Appellant.

*Real property—Ejectment—Evidence—Treasurers' deeds — Acknowledgment in open court—Prothonotaries' records—Estoppel—Privity of estate.*

1. While it is well settled that deeds executed by a county treasurer for land sold for taxes must be acknowledged in open court, the fact of such acknowledgment may be proved not merely by the minutes of the general proceedings in a court, but by any other books in the prothonotary's office which supplement the court minutes and which are in pari materia therewith.

2. Where in an action of ejectment certain deeds executed by the county treasurer for land sold for taxes formed links in plaintiffs' chain of title, and where it appeared from the minutes of the prothonotary that on the date of said deeds the treasurer of the county acknowledged certain deeds in open court, but the different tracts of land sold were not specifically named in the minutes, another book kept by the prothonotary marked "Treasurers' Deeds" and containing a complete record of the acknowledgment in open court of each particular tract sold by the treasurer, including the land in controversy, was properly admitted in evidence and the judge to whom the case was submitted for trial without a jury did not err in drawing the inference from the records that the deeds had been properly acknowledged by the treasurer in open court.

3. Where the owners of a tract of land have conveyed a certain number of acres thereof by a general warranty deed to grantees, whose title is subsequently determined to be invalid in an action of ejectment, and thereafter such grantees reconvey the land to their grantors, such grantors will be estopped by the first deed from asserting that they did not have good title to the land described therein and by the second deed from asserting that their rights are not affected by judgment entered in the action of ejectment.

4. The owners of certain land embraced in land office warrant No. 4635 conveyed seventy acres purporting to be located on the eastern line of such warrant to grantees. In a subsequent action of ejectment such land was determined to belong not to warrant No. 4635 but to warrant No. 4737, which adjoined and thereafter the grantees, whose title had been declared invalid in the ejectment suit, delivered a deed to their grantors purporting to reconvey such land to them. In an action of ejectment brought by the owners of warrant No. 4737 for the land so reconveyed, the trial judge to

whom the case was submitted for determination without a jury held that the judgment in ejectment was conclusive against defendants and entered judgment for plaintiffs. *Held,* no error.

Argued May 3, 1915. Appeal, No. 118, Jan. T., 1915, by defendant, from judgment of C. P. Potter Co., Sept. T., 1908, No. 72, on submission to the court without a jury, in case of Central Pennsylvania Lumber Company and Elk Tanning Company v. E. O. Bristol, Estella Bristol and A. T. Kunkel. Before BROWN, C. J., MESTREZAT, ELKIN, STEWART and FRAZER, JJ. Affirmed.

Ejectment for the recovery of land in Potter County. Before BOUTON, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

The case was tried by the court without a jury under the Act of April 22, 1874, P. L. 109. The court entered judgment for plaintiffs. Defendants appealed.

*Errors assigned* were in dismissing exceptions to various findings of fact and law of the trial and rulings on evidence.

*W. K. Swetland,* for appellants.

*Archibald F. Jones,* with him *W. E. Rice* and *R. R. Lewis,* for appellees.

OPINION BY MR. JUSTICE ELKIN, May 26, 1915:

This is an action of ejectment to determine the question of title to certain lands described in the writ as between adverse claimants. The assignments of error raise two questions which will be considered in the order in which they are discussed in the argument of appellants. It is contended that certain treasurers' deeds, forming links in plaintiffs' claim of title, were improperly admitted in evidence. The objection is that the acknowledgment of these deeds in open court was not prop-

erly proven, and that title to purchaser did not pass unless the treasurer acknowledged the same in open court. The law requires an acknowledgement of such deeds to be made in open court and in the absence of such acknowledgment no title passes. It has been so decided in all of our cases and it needs no argument to sustain this position. This must be regarded as settled law in our State. The question for decision here is whether the records offered and admitted in evidence showed such acknowledgment to have been made. The minutes kept by the prothonotary of the general proceedings in that court show that on 23 September, 1886, the treasurer of Potter County came into open court and acknowledged 124 deeds before the full bench. The different tracts of land sold by the treasurer for the nonpayment of taxes were not specifically named in these minutes, but in another book kept by the prothonotary in his office there was a complete record of the acknowledgment in open court of each particular tract sold by the treasurer, the amount it sold for and the name of the purchaser. This book marked "Treasurers' Deeds" was evidently intended to be the completed record of the general court minutes in so far as they related to the acknowledgment of treasurers' deeds in open court. The general minutes of the term, including a short reference to the acknowledgment of deeds, did not preclude the prothonotary from setting out at length in another book kept for that specific purpose the complete record of what transpired in connection with the acknowledgment by the treasurer of deeds in open court. The short minute kept in one book and the complete record in another by the same official, and in the same office, may very properly be deemed in pari materia as minutes relating to the same subject matter; and when so construed the record here presented complies with what the law requires as to the keeping of a record of the acknowledgment. Learned counsel for appellants rely on Lee v. Newlin, 164 Pa. 360, and Osmer v. Sheasley, 219 Pa. 390,

to sustain their contention in the present case. In the first case cited parol evidence was offered to prove the acknowledgment, and the deed itself was introduced in evidence for the same purpose, but the minutes of the court failed to show that there had been an acknowledgment in open court. It was held that the acknowledgment of a tax deed is a judicial act which must be done in open court, and that the minutes are the only proper evidence of the acknowledgment. In Osmer v. Sheasley there was no record of the acknowledgment of the tax deed in the minutes of the court and it was held to be invalid on this ground. In the case at bar, as we have already stated, there was the short minute of the general proceedings of the term, and in addition there was the complete record of the acknowledgment kept by the prothonotary in a book for that special purpose. In the short minute it was stated as a fact that the treasurer had acknowledged in open court 124 deeds without naming the tracts of land, but on the same day the completed record shows the acknowledgment in open court of each particular tract contained in the general enumeration. It is argued that there is no evidence to show that the particular tracts mentioned in the treasurers' deed book were the same as those referred to in the minutes of the general term. Our answer is that no other reasonable inference can be drawn from the facts established by the record, and that the case having been tried without a jury under the Act of April 22, 1874, P. L. 109, it was the duty of the court to draw such reasonable inferences as the facts warranted. We, therefore, hold with the court below that the minutes and records kept by the prothonotary show that the deeds in question were properly acknowledged in open court.

In order to properly understand the second question raised by this appeal it is necessary to briefly recite some of the material facts. In 1897, John and William Bodler, being at that time the owners of the title to warrant 4635, conveyed the same to Kunkel, who a few months

later conveyed an undivided one-half interest to Miller, and on the same day an undivided one-fourth interest to Estella Bristol. In 1905, Kunkel and wife and Estella Bristol and husband, by general warranty deed conveyed to John and William Bodler 70 acres, purporting to be located along the eastern line of warrant 4635. It is important to keep in mind that all of these conveyances were made upon the basis of the land being within the boundaries of warrant 4635. After the Bodlers had acquired this title proceedings were instituted under the Act of June 10, 1893, P. L. 415, to determine the owner-. ship of the land in question. The appellees here claimed the land in dispute as part of warrant 4737, the title to which they held. The issue was framed for the purpose of determining title between these adverse claimants. The issue was decided in favor of the defendants in that proceeding, who are the appellees here. The location of the land in dispute was the question decided in that issue in which the Bodlers were plaintiffs and the appellees here defendants. The question for determination in the framed issue was whether the land in controversy was part of warrant 4635, or was included in warrant 4737, and the judgment in that case must be accepted as conclusively establishing the fact that the land in dispute was part of warrant 4737. It is not denied that warrant 4737 belongs to appellees. After the jury had returned their verdict upon the framed issue the Bodlers in 1907 reconveyed the 70 acres to A. T. Kunkel, Estella Bristol and E. O. Bristol by deed which was delivered to and accepted by them. Subsequently, in 1909, Joseph Miller conveyed to Kunkel an undivided one-half interest in warrant 4635, being the same undivided interest which Kunkel had conveyed to Miller in 1897. Under these facts the learned court below held that Kunkel was in privity with the Bodlers in title and hence bound by the verdict returned by the jury upon the framed issue. We concur with the views expressed by the trial judge upon this question. By their general warranty deed, executed

and delivered to the Bodlers in 1905, Kunkel and those who joined him as grantors undertook to convey, and so far as they are concerned did convey, the absolute title to the land in dispute. They warranted their title and are bound by their warranty. It does not now lie in the mouth of Kunkel to say that he did not have a good title to the land which he and others joined in conveying to the Bodlers in 1905 when they had warranted that title to be good against all the world. It makes no difference that Kunkel accepted a deed for the same lands from the Bodlers in 1907, because at that time the Bodlers had no title to any part of the land contained in warrant 4737. The same may be said as to the conveyance of an undivided one-half interest by Miller to Kunkel in 1909. This deed only purported to be for a half interest in warrant 4635, and could have had no effect upon the rights of the parties as determined under the framed issue, in which the jury found the land in dispute to be part of warrant 4737. The learned court below was clearly right in holding that Kunkel stands in privity to the Bodlers in respect to the acts suffered or done by them before they conveyed title to him in 1907. The verdict of the jury and the judgment entered thereon is binding upon him in so far as he claims title under a conveyance subsequently made: Blackmore v. Gregg, 10 Watts 222; Stevens v. Hughes, 31 Pa. 381; Strayer v. Johnson, 110 Pa. 21. We also agree that Kunkel is estopped from setting up any title to the land in dispute under the deed from Miller in 1909. This deed did not purport to convey any part of the land contained in warrant 4737, and even if it did, Kunkel could not assert such title to defeat his own conveyance to the Bodlers by general warranty deed in 1905. By that deed he warranted the title not only as to himself but as against all the world and it would be a perversion of the law to permit him to defeat his own conveyance to a former grantee by color of title subsequently acquired.

We, therefore, agree that the verdict upon the framed issue in 1905 conclusively determined the land in dispute here to be part of warrant 4737 as against the Bodlers and their privies in title.

Assignments of error overruled and judgment affirmed.