Grakelow, Appellant, v. Nash.

Argued December 10, 1929.

Before Porter, P. J., Trexler, Linn, Gawthrop, Cunning-ham and Baldrige, JJ.

*Theodore Lane Bean,* for appellant.—It is essential to the validity of a county treasurer's deed for land

sold for taxes, that there shall be an entry in the minutes of the court of common pleas of the proper county, that that deed, identifying it, was acknowledged in open court: Lee v. Newland, 164 Pa. 360; Osmer v. Sheasley, 219 Pa. 390; Central Pennsylvania Lumber Company v. Bristol, 250 Pa. 61; Canole v. Allen, 28 Pa. Superior Ct. 244.

The Act of May 11, 1911, P. L. 257, operates merely to allow one who relies upon a county treasurer's tax deed to make out a prima facie case by introducing in evidence the deed itself, with the certificate of acknowledgment endorsed thereon, instead of requiring him, as before, to show primarily that there was an entry of the acknowledgment in the minutes of the Court: Bellas v. McCarty, 10 Watts (Pa.) 13; Patterson v. Stewart, 10 Watts (Pa.) 472; Foust v. Ross, 1 W. & S. (Pa.) 501.

*Darlington Hoopes,* and with him *Thomas Hallman,* for appellee.

OPINION BY LINN, J., February 28, 1930:

This ejectment was tried without a jury under the Act of April 22, 1874, P. L. 109. Plaintiff appeals from judgment for defendant, who stands on a tax-title; if that title is valid, plaintiff cannot recover; if invalid, plaintiff is entitled to judgment. "He who claims real estate by virtue of a tax-title must be able to point to a substantial compliance with all the essential requisites provided in the statute" (Osmer v. Sheasley, 219 Pa. 390, 395) authorizing the sale. The decision of this appeal depends on the proper construction of the Act of May 11, 1911, P. L. 257.

To defeat plaintiff's prima facie case, defendant proved facts necessary to support a county treasurer's sale of land for county taxes and relied on the deed to him from the county treasurer, dated August 1, 1925, recorded in the office of the recorder of deeds

June 14, 1927. The deed bore the seal of the court of common pleas and a certificate of the prothonotary of that court, certifying that on August 1, 1925, the treasurer appeared before the judges of the court and duly acknowledged the deed &c.

To rebut the effect of the deed in evidence, plaintiff put in the record of the court which disclosed that there was no minute identifying defendant's deed as one that was acknowledged in court. The following facts were also found by the court:

"13. In the minute book of the court of common pleas of Montgomery County, under the date of August 1st, 1925, appears inter alia the following minutes:

"'The county treasurer presented —— deeds for property sold at treasurer's sale for unpaid taxes in June, 1924, and acknowledged the same in open court according to law.'

"14. There is no other record in the office of the prothonotary or elsewhere (except the certificate on the deed itself) to show that the treasurer's deed to James P. Nash was acknowledged in open court on August 1st, 1925."

The court held that by the Act of 1911, the deed, bearing the certificate of the prothonotary, was prima facie evidence of its acknowledgment in the court, and (contrary to appellant's contention) that the presumption or inference of that fact (so resulting from the statute) was not rebutted by the proof that the minutes of the court below established that the acknowledgment was not made before the court as certified by the prothonotary.

The contention of appellant is that the statute merely makes the deed, so certified, prima facie evidence of acknowledgment in court, and that if the minutes, or other records of the court in evidence, show that such deed was not acknowledged, or (what, appellant asserts, is the same thing) if the minutes contain no entry that the acknowledgment took place,

such proof of want of acknowledgment in court rebuts the prima facie effect of the acknowledgment established by the statute, and constitutes conclusive proof that title did not pass. Defendant does not contend that any part of the minutes or record of the court below has been lost or destroyed.

The Act of 1911 is entitled "Relating to treasurers' sales of land for taxes; making the prothonotary's certificate of acknowledgment, endorsed on the deed, or the record thereof when such deed shall have been recorded, prima facie evidence of such acknowledgment." The title gives notice that the legislature is specifying that either of the two acts named shall constitute "prima facie evidence of such acknowledgment,"—nothing more. The title is part of the statute and should be considered in construing it: Glen Alden Co. v. Scranton, 282 Pa. 45, 51; Matis v. Schaeffer, 270 Pa. 141, 143; Brink v. Marsh, 53 Superior Ct. 293, 298. To ordain that a certain act or acts shall be prima facie evidence of a fact means merely that from proof of the act or acts, a rebuttable inference or presumption of the fact shall be made; (Beeman v. Supreme Lodge, 215 Pa. 627, 629; Meeker v. L. V. R. R. Co., 236 U. S. 412, 430; Wigmore, Evidence, Vol. IV, Sec. 2494); it attributes a specified value to certain evidence but does not make it conclusive proof of the fact in question.

With notice in the title that the purpose was to attribute to certain evidence a prima facie value, we take up the text: "Section 1. Be it enacted, &c., That in all cases of treasurers' deeds for lands sold by county treasurers for non-payment of taxes, whether heretofore or hereafter made, the certificate of the prothonotary endorsed thereon, under the seal of the court, to the acknowledgment of such deed, or the record thereof when such deed shall have been recorded, shall be prima facie evidence of the fact of such acknowledgment: Provided, however, That such prima

facie evidence may be rebutted by showing that such deed was not acknowledged, when the records of the court do not contain any entry of the acknowledgment of such deed; And provided further, That this act shall not affect any adjudicated case."

The provision that the acts specified "shall be prima facie evidence of the fact of such acknowledgment, Provided, however, That such prima facie evidence may be rebutted by showing that such deed was not acknowledged, when the records of the court do not contain any entry of the acknowledgment of such deed," might have been written, and for present purposes of construction, may be considered as having been written by transposing the same words, to read "That such prima facie evidence may be rebutted when the records of the court do not contain any entry of acknowledgment of such deed, by showing that such deed was not acknowledged." It may also be said here that the use of the well understood phrase "prima facie evidence of the fact" is in itself a legislative direction that the evidence described in the statute may be rebutted; indeed, it would be so construed, even though the proviso quoted concerning rebuttal were omitted from the act, because, in its context, the phrase must be given its well understood meaning.

We first inquire what was the law concerning county treasurer's tax-sale deeds immediately prior to the Act of 1911 in the respect now involved. That inquiry of course takes us to the Act of April 3, 1804, 4 Sm. L. 201, and supplementary legislation and decisions under it (see Ryan v. Bruhin, 88 Pa. Superior Ct. 61). Section 2 required that the treasurer's deed be acknowledged in open court; that requirement still exists, and as the acknowledgment of such deed is a judicial act, it is necessary that the court make some record of the fact; the making of such record is inherent in the work of the court. It has never been questioned that a court must keep records of its judicial acts (compare

Dougherty v. Com., 69 Pa. 286). Such records import verity and serve many purposes. And the minute, however inadequate, quoted in the 13th finding of fact, is part of the record of the tax sales in which deeds were said to have been acknowledged on August 1, 1925, though obviously so incomplete as to furnish no information of the identity of any particular sale. "The interpretation of the record is a question of law and not a mere matter of discretion": Sheip v. Price, 3 Pa. Superior Ct. 1, 5. A judicial record was thus described by Judge LOWRIE in Wilkins v. Anderson, 1 Phila. 134, 136: "We treat all the authorized written minutes, made in the course of the case, as part of the record, whether made in the minute book, appearance docket, continuance docket, trial list, argument list, or placed among the files. We have no such thing as a continuous record of the whole proceedings made up in one roll [as in England], or even in a book or set of books. The most important part of the record often consists of loose papers in the files of the office. The original entry of each matter in the course of a suit, is essentially the record of that matter; for by it all subsequent entries and writs are corrected." See also Selin v. Snyder, 7 S. & R. 166; Fleming v. Parry, 24 Pa. 47, 52; Coyne v. Souther, 61 Pa. 455; Lancaster v. Smith, 67 Pa. 427, 433; Rice v. Constein, 89 Pa. 477, 479.

A proper record of the judicial act of acknowledgment by the county treasurer has another definite purpose in the matter of tax-sales. "Section 4 of the Act of March 13, 1815, gives the owner the right to redeem the land sold for unpaid taxes, within two years after the sale ...... and ...... authorizes ...... an action for the recovery of the land ...... within five years ...... In order therefore that the owner shall have an opportunity to redeem his land within the time required by the statue, it is necessary that there be some official record made of its sale and conveyance

to the purchaser. There is no legislation requiring the purchaser to record his deed in the recorder's office of the county or any other way to make an official record of his purchase other than the acknowledgment of the deed by the treasurer in open court which necessitates the entry of the acknowledgment on the records of the court. The owner may know that all the necessary steps leading up to and including the sale have been taken as required by the statute, but without the further knowledge of the presentation of the deed to the court of common pleas and its acknowledgment in open court, he cannot know that there has been a sale and that his right to redeem the land has accrued. The purchaser's title and right to possession are not complete until he obtains the deed. Hence the owner need take no action towards redeeming the land until he has knowledge of the execution and delivery of the deed. The only information as to the sale of his land for unpaid taxes of which he is bound to take notice is on the records of the court of common pleas of the county where the acknowledgment appears.'' Osmer v. Sheasley, 219 Pa. 390, 397. See also Lee v. Newland, 164 Pa. 360, 367; Central Penna. Co. v. Bristol, 250 Pa. 61. Not only is the record important for the reasons so stated, but it is valuable to enable one holding by or through a tax title to proceed under the Act of July 18, 1917, P. L. 1972, entitled ''An act providing a method of establishing title to land acquired at a sale for unpaid taxes'' amended May 31, 1923, P. L. 477.

We then consider it established that for important purposes there must be some record by the court of its judicial act in taking the treasurer's acknowledgment of his deed. That requirement is not rendered unnecessary by the Act of 1911. At this point we may again refer to the only evidence of any record of the court below of the acknowledgment of treasurer's deeds. The finding is that the record of the alleged

tax-sale states that ''Under date of August 1st, 1925, appears the following minute: 'The county treasurer presented —— deeds for property sold at treasurer's sale for unpaid taxes in June, 1924, and acknowledged the same in open court according to law.' '' Concerning that minute, the trial judge very properly said that ''There is nothing from which the deed in the present case can be identified as one of those acknowledged, by the treasurer on August 1st, 1925. The minute does not even declare that deeds for all of the lots sold at the treasurer's sale in June, 1924, were acknowledged. Nor is there any other record kept by the prothonotary from which the inference could be drawn that the deed of the defendant was one of those acknowledged August 1st, 1925 . . . . . . We are, therefore, of the opinion that the above minute standing alone is not sufficient to prove that the defendant's deed was acknowledged in open court.'' We must go further and hold that the record proves that the deed under which defendant claims was not acknowledged in open court August 1, 1925.

A second element of importance to be noted in the law prior to the Act of 1911 is the burden—one of trial procedure—put on a claimant under a tax title, to sustain its validity. It was necessary, inter alia, for one so claiming, to put in evidence the treasurer's deed and the record of the court showing that his acknowledgment of the deed was taken in open court; the deed alone, though bearing a certificate of acknowledgment, was not sufficient; this necessity specifically appears in statements by the Supreme Court; in Central Penna. Co. v. Bristol, supra, it was said: ''It was held that the acknowledgment of a tax deed is a judicial act which must be done in open court, and that the minutes are the only proper evidence of the acknowledgment. In Osmer v. Sheasley, there was no record of the acknowledgment of the tax deed in the minutes of the court and it was held to be invalid on

this ground." This court cannot disregard that positive declaration of the Supreme Court and must give it effect.

The inquiry then concerns the extent of the change made by the Act of 1911, and in considering it, we recall the following rule: "Legislative enactments are to be expounded as near to the use and reason of the prior law as may be, when this can be done without violation of its obvious meaning; for, say the cases, it is not to be presumed the legislature intended to make any innovation upon the common law further than the case absolutely requires": Davidson v. Bright, 267 Pa. 580, 589. Since the Act of 1911 provides that the deed (or record of it) bearing the prothonotary's certificate of acknowledgment is prima facie evidence of that fact, one claiming on a tax title can now stand on his deed without offering the court record showing that the acknowledgment took place; he need no longer offer, as he was formerly required to do, both the deed and the minute or other record made by the court or by its order; that is the extent of the change made by the Act of 1911. The statute would furnish relief in the case of lost or destroyed records, relieving a claimant under such deed from supplying the lost record by proof of its contents, or from the consequence of inability to do so, but it was not intended to relieve the court from keeping records of its judicial acts; it was not intended to abolish the right to offer any and all defenses one might have against the tax title A law establishing that certain evidence shall prima facie establish a fact is not a statute authorizing a court to cease to perform essential duties inherent in its work, particularly where as in this class of cases, an important use of the record is to afford notice to enable the owner to fix the period of his right to redeem or to bring his suit (Osmer v. Sheasley, supra).

The act plainly states that the prima facie effect of the prothonotary's certificate of acknowledgment

may be rebutted, which means, that the party against whom the tax deed is offered, may produce evidence that the acknowledgment never took place in open court; as long as such acknowledgment is required, the omission so to comply with the law is a fact that may be proved,—indeed, the right to prove it cannot be taken away; it has always been susceptible of proof by offering the court record to show that it contained no entry of such alleged judicial act; and proof of that fact has always been conclusive evidence against the certificate on the deed: Lee v. Newland, supra; Osmer v. Sheasley, supra; Central Pa. Lumber Co. v. Bristol, supra (arising before 1911); Canole v. Allen, 28 Pa. Superior Ct. 244, 246. Similarly proper proof of the acknowledgment of a sheriff's deed is by the record: Smith v. Miller, 289 Pa. 184, 189; and, parenthetically, it may be added, that even though sheriff's deeds are no longer acknowledged in open court, (see the Act of April 22, 1905, P. L. 265) but before the prothonotary, that statute provides that " ...... the fact of such acknowledgment shall be forthwith entered on the record of the particular cause." The conclusive character of such proof of want of acknowledgment in court of course completely rebuts the rebuttable presumption which the Act of 1911 established as the effect of the deed with the prothonotary's certificate. The construction of the statute made below destroys the effect of evidence that has always been held to be conclusive proof that such deed was ineffective; for the court has held that the rebuttable presumption may not be rebutted by the plaintiff.

The error is apparent in another view. How can non-action by the court be proved, if not by the record showing lack of it? Appellee's brief gives no answer to this question, though stating that the statute "merely says that such presumption may be rebutted in cases where there is no such entry in the minutes;" that if defendant "could have called witnesses to

testify that in fact this particular deed was not acknowledged by the county treasurer in open court on August 1, 1925, the Act of 1911 authorized him to contradict the prothonotary's certificate in this manner." But it has been held that acknowledgment cannot be proved by parol evidence (see opinion of the Supreme Court in Central Pa. Co. v. Bristol, 250 Pa. 61, 64) and as the cases cited above show, the rule against impeachment of judicial record, is well settled; see also Bellas v. McCarty, 10 W. 13; Duff v. Wynoop, 74 Pa. 300. Considering it established, then, that immediately prior to the Act of 1911, a claimant under a tax-title was required to show a treasurer's deed acknowledged in open court, and in addition, proof by the court record that it was so acknowledged, we conclude that the statute provided only that, thereafter, such deed should be prima facie evidence of such acknowledgment. Since the Act of 1911, it is unnecessary for claimant to offer in evidence the court record to show the acknowledgment; but it was specificially provided, by the use of the term "prima facie evidence," that the fact so shown until rebutted, may be rebutted "by showing that such deed was not acknowledged." As we are dealing with the effect of a judicial record, and as the only way of showing the fact is the record, (or, if lost or destroyed, by proof of its contents Wigmore, Evidence, Vol. 11, Sec. 1348), the same evidence, to wit, the record, must be examined, if offered in evidence against the tax deed, to ascertain whether the deed was acknowledged or not, because action or non-action of a court of record is not proved by parol, but by the record.

In this case conclusive proof that the deed was not acknowledged was made by putting in evidence the record showing no entry of the fact of which defendant had offered only rebuttable evidence, and that conclusive proof, of course, completely nullified the prima

facie effect of the prothonotary's certificate. All that the language in the proviso means, or in the circumstances, could have been intended to mean, is that the prima facie evidence may be rebutted by offering the judicial record (which is always evidence) "when the record of the court do not contain any entry of the acknowledgment of such deed;" such record, containing no entry of the acknowledgment, determines that it did not take place.

The statute gives no indication of intention to abrogate the rule against the impeachment of records in collateral proceedings, or to destroy the recognized effect of record evidence. The constitution requires that the subject of an act must be *clearly* expressed in the title; and while the purpose to make the certificate prima facie evidence is clearly stated, there is no expression of intention to enact a statute having the effect contended for by appellee: "Statutes are not presumed to make any change in the rules and principles of the common law or prior existing law beyond what is expressly declared in their provisions": Gratz v. Insurance Co. of N. A., 282 Pa. 224.

Judgment reversed, record remitted with instructions to enter judgment for plaintiff for the land described in the summons and the statement of claim.