## Osmer v. Sheasley, Appellant.

*Tax sale—Acknowledgment of deed in open court—Minutes of court—Evidence—Notice—Act of March 13, 1815, 6 Sm. L. 299.*

A deed from a county treasurer for land sold at a tax sale is not valid to pass the title without acknowledgment in open court and a record of the acknowledgment in the minutes of the court; and the minutes of the court are the only proper evidence of the acknowledgment.

Where there is no record of the acknowledgment of a tax deed in the minutes of the court, the fact that a purchaser from the former owner or his successor in title had actual notice of an acknowledgment in open court, is not sufficient to affect his title; inasmuch as a notice of an invalid or worthless title will not affect a title subsequently acquired by a purchaser for value.

Argued Oct. 25, 1907. Appeal, No. 28, Oct. T., 1907, by defendants, from judgment of C. P. Venango Co., Nov. T., 1905, No. 25, on verdict for plaintiff in case of Archibald R. Osmer v. Charles H. Sheasley et al. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Ejectment for land in Sandycreek township. Before CRISSWELL, P. J.

The facts are stated in the opinion of the Supreme Court.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff. Defendants appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*Samuel S. Mehard,* with him *John L. Nesbit* and *James S. Carmichael,* for appellants.—Whatever else the plaintiff may be, he is not a purchaser, bona fide, for a valuable consideration without notice : Everhart v. Nesbitt, 182 Pa. 500 ; Rixstine's Estate, 3 Pa. Dist. Rep. 227 ; Swank v. Phillips, 113 Pa. 482 ; Anderson v. Brinser, 129 Pa. 376 ; Hottenstein v. Lerch, 104 Pa. 454 ; Leonard's Appeal, 94 Pa. 168 ; Jamison v. Dimock, 95 Pa. 52 ; Berryhill v. Kirchner, 96 Pa. 489 ; Thompson v. Christie, 138 Pa. 230.

An unrecorded deed with possession taken thereunder and maintained, is sufficient notice to subsequent purchasers : Krider v. Lafferty, 1 Whart. 302 ; Harris v. Bell, 10 S. & R. 39 ; Hymen v. Gatta, 33 Pa. Superior Ct. 438.

The purchaser of land at a treasurer's sale has an inchoate title the moment the property is knocked down to him, which becomes perfect with the payment of the purchase money : Kunes v. McCloskey, 115 Pa. 461 ; Morrison v. Wurtz, 7 Watts, 437 ; Robb v. Mann, 11 Pa. 300 ; Stoever v. Rice, 3 Whart. 21 ; Duff v. Wynkoop, 74 Pa. 300 ; Lee v. Newland, 164 Pa. 360 ; Moorhead v. Pearce, 2 Yeates, 456 ; Bellas v. McCarty, 10 Watts, 13.

*Peter M. Speer* and *J. H. Osmer,* with them *N. F. Osmer,* for appellee.—Notice of an incumbrance, claim or right, void or unenforceable in law, is, of course, inoperative, and notice of an invalid conveyance cannot make it good as against a purchaser for value : Cuttle v. Brockway, 32 Pa. 45 ; Bugbee's Appeal, 110 Pa. 331.

It is the duty of the purchaser to see that his deed is acknowledged and registered, and of every purchaser of a tax title to examine the record of acknowledgments for himself : Lee v. Newland, 164 Pa. 360 ; Canole v. Allen, 28 Pa. Superior Ct. 244.

OPINION BY MR. JUSTICE MESTREZAT, January 6, 1908 :

This is an action of ejectment to recover the undivided one-half of a certain tract of land, containing about seventy acres, situate in Sandycreek township, Venango county.

On the trial of the cause the plaintiff showed a complete paper title from the commonwealth to himself. It appears that

the land in dispute with other lands was patented to George H. Bissell and others on April 10, 1860. In 1874 the undivided one-half of the seventy acre tract became vested in George H. Bissell, and the other undivided one-half in James Bishop and James A. Williamson. Williamson and Bishop were adjudicated bankrupts on February 16, 1875, and, after the death or resignation of other assignees, J. Q. Aymer Williamson was appointed assignee. By deed dated May 6, 1905, the assignee conveyed the interest of his assignors, being the undivided one-half of the seventy acres, to Archibald R. Osmer, the plaintiff. This deed was recorded in the recorder's office of Venango county on May 17, 1905.

Having shown on the trial of the cause his paper title to the premises in dispute, a part of which title we have just referred to, the plaintiff rested. The defendants claim to own the whole of the seventy acres of land under a tax title. It is conceded that Bissell, Williamson and Bishop owned the seventy acres of land in 1874, the latter two owning the undivided one half and Bissell the other undivided one half thereof. It is claimed that the taxes on the land were not paid for the years 1892 and 1893; that it was returned by the collector and duly sold by the treasurer of the county for the unpaid taxes of those years to one Philip Engelskirger on June 12, 1894, and that by intermediate conveyances Engelskirger's title became vested in the defendants.

On the trial of the cause the defendants offered in evidence the deed from the treasurer to Engelskirger with an appended certificate of the prothonotary of the court that it was acknowledged in open court of common pleas of Venango county on August 30, 1894; and in connection therewith offered the petition of Engelskirger and the treasurer, presented to the court in 1905, praying for the entering or registering of the acknowledgment of the deed in the proper place in the records of treasurer's acknowledgments, and also the order of the court indorsed on the petition directing the registration of the acknowledgment as prayed for. The offer of the deed was also accompanied by an offer to show that it had been recorded in the recorder's office of Venango county on August 28, 1905. The plaintiff's counsel objected to the offer for the reasons, inter alia, that the offer of the certifi-

cate of the prothonotary of the acknowledgment of the deed is incompetent, immaterial and irrelevant; that according to the offer there was no record of the acknowledgment of the deed until after the title to the land had become vested in the plaintiff; and that the record as a subsequent record of the acknowledgment of the deed is immaterial and irrelevant and cannot affect the rights of the plaintiff in this case. Before the ruling on the offer the defendants' counsel said : " We further expect to show in this connection that the plaintiff has not only the knowledge that he decries for of the sale to Philip Engelskirger, but had received actual knowledge through the court of the claim of ownership by the defendants and the full extent of his ownership declared to him."

The court rejected the offer, stating its reasons as follows : " Where a deed of conveyance is consummated, binding between the parties, and the only thing lacking to give it effect as to all parties is notice, either actual or constructive, then of course notice is vital and important, but where the conveyance for any reason is void and not binding upon the parties, then notice of it to other parties is wholly immaterial, it is not binding upon any one. This alleged treasurer's sale appears to have been incomplete; no record of the acknowledgment of it was made in open court, such as is required. It is true that indorsed on the deed is a certificate of the fact that it was acknowledged in open court, but that is not a record, that is not a compliance with the act of assembly; the prothonotary either certified to an acknowledgment which never took place or he failed to make a record of an acknowledgment which did take place, and in view of this fact we are of the opinion that the objection to the offer should be sustained; the offer is overruled." This constitutes the first assignment of error.

The defendants then offered the treasurer's deed to be followed by proof of the identity of the land, of actual notice of the treasurer's sale by the plaintiff before his purchase from the assignee, proof that the defendants had been in actual and exclusive possession of the premises for more than five years prior to March 3, 1905 ; and of valuable improvements made by defendants on the premises.

The court, on objection by plaintiff, excluded the offer, saying : " From the evidence already offered it may be inferred

and assumed that Mr. Osmer had full knowledge in reference to the land of the defendants; that he knew of their possession of the premises and that he bought upon the strength of the title as it appeared by the records; if he had gone to the records, as we may assume he did, he would have found no completed treasurer's sale of the land at the time of his purchase; having purchased with a knowledge of the records as they then existed, we should not and we could not properly change the records so far as to correct the same or perfect the title of the defendants; we are of the opinion that the offer should be overruled and the objection thereto sustained." This is the second assignment of error.

These rulings were fatal to the defendants' case, and the court directed a verdict for the plaintiff. The defendants claim that the plaintiff is not a bona fide purchaser for a valuable consideration, without notice, such as is protected in his title, under the circumstances of this case; and that the treasurer's deed, under the circumstances stated in the offer, will protect the purchaser or his assigns, against a subsequent purchaser from the party or his heirs, as whose land it was sold, with full actual notice. For these reasons the defendants claim that the court erred in directing a verdict for the plaintiff.

The sale of real estate for the payment of taxes is regulated by statute, which makes provision for the several steps necessary to be taken in passing a good title to the purchaser. He who claims real estate by virtue of a tax title must be able to point to a substantial compliance with all the essential requisites provided in the statute. Prior to the act of 1815, it was next to impossible to sustain a tax title if attacked in the courts. But that act came to the aid of the purchaser, and since then if the statutory prerequisites appear, including a deed duly acknowledged in open court, the purchaser can sustain his title.

The Act of April 3, 1794, 4 Sm. L. 201, 2 Pur. (12th ed.) 2057, provides that unseated land shall be sold for taxes upon warrant by the county commissioners directed to the sheriff or coroner of the proper county, commanding him to make sale of the land for the payment of taxes " and to make and execute a deed or deeds, in fee simple, to the purchaser or pur-

chasers of any unseated lands so sold, and the same in open court of common pleas of the proper county, duly to acknowledge." The Act of April 4, 1809, 5 Sm. L. 73, 2 Purd. (12th ed.) 2058, amends the act of 1804 and provides that the powers vested in and duties enjoined on the sheriffs by the latter act shall be transferred to and performed by the county treasurers, under the same obligations and restrictions to which the sheriffs are by law subjected. The Act of March 13, 1815, 6 Sm. L. 299, 2 Purd. (12th ed.) 2056 et seq. is also amendatory of the act of April 3, 1804. It provides the manner in which the sales shall be made by the county treasurers and authorizes them " to make and execute a deed or deeds, in fee simple, in the manner directed by the act to which this is a further supplement." The fourth section of this act contains a clause curing irregularities in the proceedings leading up to a tax sale. By section 41 of the Act of April 29, 1844, P. L. 486, 2 Purd. (12th ed.) 1994, " seated lands shall be sold as unseated lands are now sold."

By this legislation it will be seen that one of the essentials of a valid tax title is a deed to a purchaser executed by the treasurer and duly acknowledged by him " in open court of common pleas of the proper county." As said by WOODWARD, J., in Gault's Appeal, 33 Pa. 94, 99 : " A purchaser of unseated land, at a treasurer's sale, acquires no rights . . . . until he obtains his deed." And in Hoffman v. Bell, 61 Pa. 444, SHARSWOOD, J., delivering the opinion, says (p. 451) : " It would undoubtedly have been entirely competent for the legislature to have declared that where unseated land is bid off by the commissioners at a treasurer's sale, the title of the owner shall be ipso facto divested, and the land become the property of the county. But they have not seen proper to do so, and very wisely. They have expressly prescribed that there should be a deed." It was unquestionably within the power of the legislature to have made any provision for transferring the title of the owner to the purchaser by a tax sale. It need not have required the execution of a deed and its acknowledgment before the court of common pleas. An acknowledgment before an officer authorized to take acknowledgments would have been equally effective if the statute had so directed. But for reasons which appealed to the legislature, it was thought

best that the acknowledgment of the deed should be in open court and that thereby the sale should receive judicial sanction. In that way, the acknowledgment of the deed, conveying title to real estate, would be placed upon the records of the court. This would afford easy and absolute proof of the existence of the deed and the conveyance of the real estate to the purchaser. It would give the latter's title judicial sanction as well as perpetually preserve the evidence of it. This enactment, requiring the acknowledgment of a treasurer's deed to be in open court as a prerequisite to a valid tax title, has met the approval of the people of this commonwealth for more than a century. Its wisdom commends itself to lawyer and layman alike, and, while subsequent legislatures have amended the statute in many respects, they have never changed or altered this provision.

Section 4 of the act of March 13, 1815, gives the owner the right to redeem the land, sold for unpaid taxes, within two years after the sale by the payment of the amount of the taxes, the costs, and an additional sum of twenty-five per cent on the amount; and thereupon authorizes the owner to bring an action for the recovery of the land, provided he does so within five years after the sale. In order, therefore, that the owner shall have an opportunity to redeem his land within the time required by the statute, it is necessary that there be some official record made of its sale and conveyance to the purchaser. There is no legislation requiring the purchaser to record his deed in the recorder's office of the county or any other way to make an official record of his purchase other than the acknowledgment of the deed by the treasurer in open court which necessitates the entry of the acknowledgment on the records of the court. The owner may know that all the necessary steps leading up to and including the sale have been taken as required by the statute, but without the further knowledge of the presentation of the deed to the court of common pleas and its acknowledgment in open court, he cannot know that there has been a sale and that his right to redeem the land has accrued. The purchaser's title and right to possession are not complete until he obtains the deed. Hence the owner need take no action towards redeeming the land until he has knowledge of the execution and delivery of the

deed. The only information as to the sale of his land for unpaid taxes of which he is bound to take notice is on the records of the court of common pleas of the county where the acknowledgment appears.

We think it clear, therefore, that it is a prerequisite of a valid tax title that the treasurer's deed has been acknowledged in open court, and that until the purchaser obtains a deed for the land so acknowledged by the treasurer his title is fatally defective.

In the case in hand, the facts in regard to the execution, acknowledgment and delivery of the deed are not in dispute. The records of the common pleas, the only evidence admissible to show the acknowledgment of a treasurer's deed, discloses no acknowledgment of the deed to Engelskirger until eleven years after the date of its execution, and some months after the execution and delivery of the deed by the assignee in bankruptcy conveying the land in dispute to the plaintiff. It will be observed that the defendants in their offer of a deed accompanied it by an offer to show the proceedings taken by them to have the acknowledgment of the deed registered in the proper place on the records of the common pleas. The order of the court, however, directing the amendment of the record, having been made after the assignee's title to the property had vested in the plaintiff, could not affect the latter's rights therein, and that it was not intended to affect his rights appears by the order itself, which distinctly states that it " is made without prejudice to existing rights of owners and intervening third parties."

For the purposes of the argument we may admit, what the defendants allege, that the plaintiff had knowledge, prior to his purchase, of the defendants' tax title. It is sufficient to say, however, and is a conclusive answer to the contention that such knowledge affected his title, that the only information he acquired by such knowledge was that the defendants claimed under a title that is defective and void. It therefore did not prevent him, or any other person, from purchasing the title of the real owner. If the title held by the defendants had been valid, then a knowledge of that title by the plaintiff before his purchase from the assignee would unquestionably have prevented him from asserting his title against

that of the defendants. The plaintiff would then have occupied the position of a subsequent purchaser, taking the property with full notice of a valid and subsisting title in another, and, of course, would not have been a bona fide purchaser for value without notice. The distinction, however, which the defendants fail to note, and which is fatal to their contention, is that their title, of which they allege the plaintiff had notice, was wholly void and did not vest any right to the property in them. A notice of an invalid or worthless title will not affect a title subsequently acquired by a purchaser for value.

We regard the case in hand as ruled by Lee v. Newland, 164 Pa. 360. It was there held that a deed from a county treasurer for land sold at a tax sale is not valid to pass the title without acknowledgment in open court, and a record of the acknowledgment in the minutes of the court, and that the minutes of the court are the only proper evidence of the acknowledgment. In the opinion of the trial court in that case, adopted by this court, it is said (p. 368): " It is the duty of the purchaser to see that his deed is so acknowledged and registered (in the common pleas), and of every purchaser of a tax title to examine the record of acknowledgments for himself."

. The assignments of error are overruled and the judgment is affirmed.