# Weaver v. Meadville Lumber Manufacturing Company, Appellant.

*Tax sale—Seated and unseated land—Invalid sale—Demand for payment—Act of June 3, 1885, P. L. 71.*

Where in 1900 land was properly assessed as seated land, but improperly returned as unseated land, placed on the unseated land tax return with a return that there was not sufficient personal property upon the premises wherewith to pay the tax, but nothing of record to show that a demand had been made on the owner to pay which was refused, and the land was subsequently sold as unseated land, and the treasurer's deed so recited it, the sale was an invalid one.

Under the Act of June 3, 1885, P. L. 71, it is absolutely necessary to a valid tax sale and the divesting of the owner's title, that it must appear from the record that there was no personal property on the premises wherewith to pay the tax, and that a demand had been made on the owner to pay which was refused, and it is also necessary that if the property was assessed as seated, it must be sold as such.

Argued April 19, 1915. Appeal, No. 137, April T., 1915, by defendant, from judgment of C. P. Fayette Co., Sept. T., 1912, No. 406, on verdict for plaintiff in case of Abraham C. Weaver v. Meadville Lumber Manufacturing Company. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Trespass to recover damages for cutting and removing timber. Before VAN SWEARINGEN, J.

From the record it appeared that the plaintiff claimed title by virtue of a tax sale in 1902. The defendant con-

tended that this sale was invalid as the land had been assessed as seated, but sold as unseated.

The defendant presented the following point:

1. The land from which the timber was alleged to have been cut and removed was regularly assessed in the commissioner's office of Fayette County as shown by the records therein as "seated" for the year 1900. The plaintiff's title is derived through a treasurer's sale for tax on said land for the year 1900 as "unseated." The land on the seated list was identically the same and in the name of the same owner as that sold as unseated. I instruct you that since the land in question was on the seated list, it was exempt from sale as unseated land and since it was sold as unseated, the sale was void and passed no title to the purchaser, and your verdict must be for the defendant.

Answer: Refused. (3)

The court refused binding instructions for defendant. (1)

Verdict and judgment for plaintiff for $722.56 single damages.

*Errors assigned* were (1, 3) above instructions quoting them.

*S. J. Morrow,* of *Reppert, Sturgis & Morrow,* with him *B. B. Pickett,* for appellant.—Land assessed as seated can not be sold by the treasurer as unseated: Pittsburgh Hunting Club v. Snyder, 51 Pa. Superior Ct. 174; Long v. Phillips, 241 Pa. 246.

The land was illegally returned by the tax collector as unseated, and this without any prior demand by him on the owner for payment of the taxes: Morris v. Del., Lackawanna & Western R. R. Co., 218 Pa. 88; Smith & Warren v. Meadow Brook Brewing Co., 3 Lack. Jur. 145.

*H. L. Robinson,* of *Robinson & McKean,* with him *Chas. C. Greer* and *Johnson & Rush,* for appellee.—

Whether actually seated or unseated, if assessed as seated, and the subsequent requirements in regard to seated lands complied with, the sale would be valid: Pittsburgh Hunting Club v. Snyder, 51 Pa. Superior Ct. 174.

Conceding the land to have been assessed as seated, the steps leading up to the sale were sufficient under the law to make the sale valid and the title good as a sale of seated land: Simpson v. Meyers, 197 Pa. 522.

If the burden of the proof rests upon the person denying the validity of the tax title to show that there was sufficient personal property from which to make the taxes, the same burden rests upon him to show lack of demand upon the owner.

OPINION BY TREXLER, J., October 11, 1915:

As shown by the assessment rolls in the office of the county commissioners for the year 1900, the land of the defendant was assessed as seated land. It was improperly returned as unseated land, placed on the unseated land tax return and sold as unseated land, the treasurer's deed reciting that it was unseated. We cannot agree with the learned trial judge, that there was merely a clerical mistake made by the collector. The mistake, if one there was, was consistently followed throughout, and the land although assessed as seated was treated as unseated. In Hathaway v. Elsbree, 54 Pa. 498, it was held that where land was placed upon the seated list by the owner and was sold for taxes as seated after it had become unseated that the sale was void. Under the Act of April 29, 1844, P. L. 486, where the sale of seated land was held as seated, it passed title only where the land in fact was seated.

The Act of June 3, 1885, P. L. 71, provides that all sales of seated or unseated lands shall be valid irrespective of the fact whether such lands were seated or unseated at the time of the assessment with the proviso that it shall not validate or authorize the sale of any

land which was in fact seated at the time of the assessment of taxes thereon in any case where there was sufficient personal property on the premises to pay the taxes assessed thereon. As was pointed out by Judge HEAD, in Pittsburgh Hunting Club v. Snyder, 51 Pa. Superior Ct. 174, this act did not abolish the distinction between seated and unseated lands, but merely provided that the fact whether lands were seated or not at the time of the assessment, should not invalidate the assessment, in other words, when a sale followed the assessment it was valid whether the assessor had correctly named the land or not, with the one exception, set forth in the act. As was said in that opinion, it was not the intention that a tract could be shifted from one class to the other. When the land of the defendant was assessed as seated land, it was stamped with the quality of seated land. There had to be certain preliminary facts appearing before the land could be sold. First, that there was no personal property on the premises, and, second, that there was demand on the owner to pay which was refused. As was stated by Justice MITCHELL in Kean v. Kinnear, 171 Pa. 639, it is only a failure to collect by either of the first two methods that resort can be had to the third and the land be legally sold or returned to be sold. It is absolutely necessary to a valid tax sale and the divesting of the owner's title that these statutory requirements be made to appear: Simpson v. Meyers, 197 Pa. 522. It is therefore a statutory prerequisite to the validity of a tax sale of seated lands that there be a prior demand by the collector for the payment of taxes: Norris v. Delaware, Etc., R. R. Co., 218 Pa. 88 (99). In the words of Justice MESTREZAT in Long v. Phillips, 241 Pa. 246, "as recent as 1885 the legislature indicated its purpose to preserve the former distinction between the procedure for the collection of taxes on seated and unseated lands in the passage of the Act of June 25 of that year. There is a distinct recognition by the legislative depart-

ment of the government of the intention to continue the two separate systems for the collection of taxes."

We have in the present case a return by the collector that there was not sufficient personal property upon the premises wherewith to pay the tax, but this return accompanies a return of taxes upon unseated lands. The records of the commissioner's office as stated before up to the time of sale and delivery of the deed treats the land as unseated. It is going rather far to contend that notwithstanding this designation as unseated land being used throughout these proceedings, the presumption is that demand had been made of the owner of the land, for the taxes and payment refused as is provided in case of seated lands. We need not repeat what has been said by Brother HEAD in the case of Pittsburgh Hunting Club v. Snyder, supra, but we call attention to the fact that in that case the land as shown by the records of Huntingdon County was "seated" for the year of 1900 and that defendant's title was derived from a treasurer's sale for the tax for the year 1900 as "unseated." The lower court held at the trial that the land in question being seated land was exempt from sale as unseated land and being sold as unseated, the sale was void and passed no title to the purchaser.

We think that the intent of all the legislation upon the subject prior to the time when this matter arose was to the effect if land was assessed in either one or the other of the classes, seated or unseated, the statutory provision in regard to the class wherein it was placed should be consistently followed and that as was said before there could be no passage from one class to the other or shifting from one class to the other during the proceedings looking to its sale. When the assessor has by virtue of his office stamped the land as seated or unseated, that fixes the method to be employed thereafter in the collection of taxes against it. The judgment is reversed and is now entered in favor of the defendant. Appellant for costs.