Gregory, Appellant, *v.* Davis et al.

Argued December 14, 1934.

Before Keller, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*D. J. Boyle,* and with him *James J. Gallagher,* for appellant.

*A. D. Knittle,* for appellees.

OPINION BY BALDRIGE, J., March 1, 1935:

This bill in equity seeks to have a seated land tax sale declared invalid.

The plaintiff averred in his bill that he and his wife, as tenants by entireties, were owners of a certain half lot of ground, in the borough of Shenandoah, which had thereon erected two frame dwelling houses, assessed in the sum of $2,985, which had a fair market value of $6,000; that on or before the first Monday of May, 1930, the tax collector of the borough made return to the county commissioners that the taxes upon the above-described property for the year 1929 remained unpaid; that on August 4, 1930, the premises were sold at public sale by the treasurer of the county to Oscar Davis, for the sum of $182.92; Davis, by his deed, dated September 2, 1932, conveyed the property to James P. Bohorad, Esq., who, by his deed, of even date, conveyed it to Oscar Davis and Ethel Davis, his wife; dispossession proceedings were instituted by Oscar Davis against one of the tenants in possession under appellant; a judgment was entered in favor of Davis, and a writ of possession was issued, but not executed; and that the plaintiff had no notice of the sale of his premises for taxes until September, 1932.

The plaintiff prayed that the sale be declared null and void; that the deeds of the treasurer made in consequence thereof be cancelled and declared invalid; that all proceedings instituted by Davis to secure pos-

session of the property be stayed; and for such other and further relief as the court deems just and proper.

An answer was filed, and after a hearing was had, the learned chancellor dismissed the bill.

In the appeal taken by the plaintiff, it is contended that the following irregularities in the proceeding vitiated the sale, to wit: (1) the purpose of the sale was not set out in the advertising; (2) no notice of the sale by registered mail was given to the complainant or tenants occupying the premises sold; (3) the report and return of the sale by the treasurer was not entered and docketed in the prothonotary's office; nor was the sale confirmed; (4) the Act of May 9, 1929, P. L. 1684 (72 PS §5951), under which the sale was held, is unconstitutional.

We will pass the first two objections raised and come immediately to the third, which, in our judgment, attacks the most vulnerable part of the record before us.

It is conceded, and the learned chancellor so found, that while the report of the treasurer was marked "filed" on the 22nd of September, 1930, it was not docketed and given a term number in the prothonotary's office until December, 1932, approximately two years and four months after date of the sale.

The seventh section of the Act of 1929, supra (72 PS §5957), provides for the payment of a fee to a prothonotary "for entering" the report of the treasurer. That contemplates something more than the mere filing of the treasurer's return. It clearly means the placing of a minute on a docket, or making some sort of a permanent court record available for examination to those interested. Otherwise, it would have provided "for filing."

Passing to section 9 (72 PS §5959), we find that it provides that it shall be the duty of the county treasurer, at the first term of the court of common pleas

succeeding the sale, to make a report and return, setting forth a brief description of the property sold, the name of the person in whom it is assessed, the amount of tax, and the year for which the same is assessed, etc., "and, upon the presentation of the said report or return, if it shall appear to said court that such sale has been regularly conducted, under the provisions of this act, the said report and the sale so made shall be confirmed nisi; in case no objections or exceptions are filed to said sales within ten days, a decree of absolute confirmation may be entered as of course by the prothonotary. In case any objections or exceptions are filed, they shall be disposed of according to the practice of the court, and, when the same are overruled or set aside, a decree of absolute confirmation shall be entered as aforesaid, but all objections or exceptions shall be confined to the regularity of the proceedings of the said treasurer."

It is admitted that the sale was not confirmed nisi, and, therefore, no exceptions were filed. The appellant had no opportunity to do so owing to the non-compliance with the provision in the statute. The legislature, by the Act of May 11, 1911, P. L. 257 (21 PS §48), has lightened a bit the burden on one claiming under a tax title, as the deed bearing the prothonotary's certificate of acknowledgment is now prima facie evidence of that fact. But as to all other requirements, it is still true as stated in Osmer v. Sheasley, 219 Pa. 390, 394, 68 A. 965: "He who claims real estate by virtue of a tax title must be able to point to a substantial compliance with all the essential requisites provided in the statute." See, also, Grakelow v. Nash, 98 Pa. Superior Ct. 316; Carns v. Matthews, 106 Superior Ct. 582, 162 A. 501. An entry of a return to the first term and a nisi confirmation were fundamental requisites to the validity of the sale, and, unless performed, the purchaser's title and right of posses-

sion are not completed. Until the return is entered upon the books of the prothonotary, there is no court record of the sale. Prior to the nisi confirmation there is no judicial action, and without an absolute confirmation there is no judicial approval of the sale as the law contemplates.

The chancellor took the position that if objections to the treasurer's sale had been filed within ten days after a nisi confirmation, as required by statute, the report and return would have been confirmed absolutely, as the sale had been regularly conducted, so that the plaintiff has lost no rights in the non-compliance with the provision of the statute. We can not accept that reasoning. Whatever may have been the fate of appellant's exceptions, he was entitled to have an opportunity to complain of the irregularity of the sale by filing an exception, and to have his day in court and be heard. The statute gave him that right and he was deprived of it. If the legislature had not intended that a report be made and entered at the first term succeeding the sale, and the sale confirmed nisi, those provisions would not be in the act. We must hold that the legislature means just what it says.

We see no reason why a return of a nisi confirmation of a treasurer's tax sale at the first term is not just as mandatory, and the failure to do so as fatal, as in a road proceeding. It has frequently been held that directions in a statute requiring road viewers to report at the next term after their appointment are obligatory, and, if they fail to do so, all subsequent proceedings relating thereto are void: Sewickley Township Road, 26 Pa. Superior Ct. 572, and cases cited therein.

In Petition of Harry Kozovsky et al., 106 Pa. Superior Ct. 417, 162 A. 326, the regularity of certain proceedings for the division of wards in the city of Philadelphia was challenged for the reason that the report

of the commissioners was not made to the court of quarter sessions at the next term, as provided by the Act of May 23, 1874, P. L. 230. We there said: "This objection might prevail were it not for the fact that the court extended the time of making the report to the next succeeding term." Here, the time for entering the return was not extended.

Our conclusion is that the learned court below should have declared the sale invalid for violation of the provisions of the statute under which the sale was had.

The appellees have called our attention to the failure of the appellant to comply with the rules of the Schuylkill county court, by preparing and filing briefs, after exceptions were filed to the chancellor's finding and conclusions of law. We recognize the inherent powers of courts to make rules for the proper disposition of cases, and, generally, they are effective and should be enforced. But where it appears, as here, that a basic error has been committed by a failure to comply with the statutory provisions, the neglect or failure to conform with the rules of the court ought not to defeat the right of a litigant.

We might add that we find no merit in the appellant's contention that the act of assembly is unconstitutional. We have not found any Supreme Court authority on the case, but we think Judge ARIRD, in re Tax Sales by County Treasurer, reported in 15 D. & C. 223, in an exhaustive opinion, ably sustains the constitutionality of the act.

The order of the lower court is reversed, and a decree is directed to be entered in accordance with this opinion. Costs to be paid by appellee.