## Scranton, Appellant, *v.* O'Malley Manufacturing Co.

Argued January 30, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Henry S. Sahm,* Assistant City Solicitor, with him *Jerome I. Myers,* City Solicitor, for appellant.

*J. H. Price,* with him *C. B. Price* and *Vance L. Eckersley,* for appellee.

OPINION BY MR. JUSTICE PARKER, March 24, 1941:

This is an action in ejectment in which the plaintiff's title depends on the validity of a sale by the treasurer of the city of Scranton for delinquent taxes. The case was tried by a judge without a jury, judgment was entered for the defendant, and plaintiff has appealed. The judgment must be affirmed.

The city treasurer of Scranton, a city of the second class, by deed dated June 4, 1919, and acknowledged June 7, 1919, attempted to convey to the city of Scranton the land for which this action was brought. The deed recited that the premises were sold at a treasurer's sale held on Monday, June 3, 1918. The city relies upon the Act of March 30, 1903, P. L. 106 (53 PS §10111, et seq.), for the treasurer's authority to make the sale. The defendant attacked the sale on several grounds, two of which were sustained by the court below. We will confine our attention to an alleged defect in the proceedings which occurred subsequent to the sale and before delivery of deed. The contention of the defendant is that the city treasurer failed to comply with certain mandatory provisions of section 5 of the Act of 1903,

supra (53 PS §10151),[1] requiring the treasurer to make a "report and return" to the court of common pleas of the proper county of sales made by him and prescribing when the report shall be made and what it shall contain. More specifically, defendant argues that an alleged return made by the treasurer did not amount to a return of the sale of its property.

The plaintiff placed in evidence a record of the Court of Common Pleas of Lackawanna County (No. 5 November Term, 1918), tending to show that the city treasurer, on September 23, 1918, made a report or return of tax sales made by him on June 3, 1918, and subsequent dates, which return was confirmed nisi when presented and confirmed absolutely on October 10, 1918. We will assume, for the sake of argument only since the court below found to the contrary, that a return was made to the next term of the court of common pleas of the proper county, that the return was confirmed both nisi and absolutely, and that it disclosed sufficient authority to expose the land in question for sale on

---

[1] "It shall be the duty of the city treasurer, at the first term of a court of common pleas of the proper county succeeding such sale, to make a report and return; wherein he shall set forth a brief description of the land or property sold, the name of the person (where known) in which the same is assessed, the amount of tax, and the year for which the same is assessed, the time when and the newspapers in which the advertisement for sale was made, with a copy of said advertisement, the time of sale, the name of the purchaser, and the price for which each respective property was sold; and upon the presentation of said report or return, if it shall appear to said court that such sale has been regularly conducted, under the provisions of this act, the said report and the sale so made shall be confirmed nisi; in case no objections or exceptions are filed to said sales within ten days, a decree of absolute confirmation may be entered, as of course, by the prothonotary. In case any objections or exceptions are filed, they shall be disposed of according to the practice of said courts; and when the same are overruled or set aside, a decree of absolute confirmation shall be entered, as aforesaid; but all objections or exceptions shall be confined to the regularity of the proceedings of said treasurer."

June 3, 1918. It is with the subsequent part of the proceedings and return that we are immediately concerned. The court record shows that 1,654 different parcels of land were advertised for sale on June 3, 1918. The treasurer declared "that a brief description of the land or property sold, the name of the person in which the same was assessed, the amount of tax, the year for which the same was assessed, the name of the purchaser of each lot of land, and the price for which each respective property was sold, is set forth in detail in the schedule hereto annexed and made a part of this report." The schedule referred to set forth on separate printed forms, with blanks filled in handwriting, the facts required by section 5 as to thirty-six properties sold to persons other than the city of Scranton. On the margin of one of the printed blanks used to describe the properties sold to individuals, there was added in a different handwriting the following: "In addition to the above schedule of sales all other properties mentioned in the annexed advertisements were bought by the City of Scranton at time mentioned by said advertisements." It is upon this sentence, placed as it was, that the plaintiff relies to show a compliance with the provisions of the statute requiring a return and report.

The provisions involved in section 5 are mandatory and not merely directory. Liability to pay taxes arises from no contractual relation between the taxable and the state and cannot be enforced by common law proceedings unless a statute so provides. They can be collected in no other way than that provided by the statute: *Schmuck v. Hartman,* 222 Pa. 190, 195, 70 A. 1091; *Leopold Tax Assessment Case,* 118 Pa. Superior Ct. 158, 163, 179 A. 904. Tax statutes should receive a strict construction: *Boyd v. Hood,* 57 Pa. 98. In cases of doubt the construction should be against the government: *Gould v. Gould,* 245 U. S. 151, 153, 38 S. Ct. 53; *U. S. v. Merriam,* 263 U. S. 179, 188, 44 S. Ct. 69;

*Com. v. P. R. T. Co.,* 287 Pa. 190, 196, 134 A. 455. While it is the duty of every citizen to bear his just share in supporting the government, he cannot be compelled to do so except in a way provided by a statute. This gives rise to a rule in tax law, of general application, that whatever the law requires to be done for the protection of the taxpayer is usually mandatory and cannot be regarded as merely directory: Black on Tax Titles, §198.

By summary proceedings city and county treasurers are permitted to perform duties usually committed to a sheriff or similar officer, but such treasurer is made responsible for making a record of his tax sales. The proceeding being summary in nature and outside the course of the common law and one whereby real property may be taken from the owner, the legislature has required that a dependable record shall be made showing that the treasurer has complied with the statutory requirements and a particular court of record has been chosen as the place for preserving such record. It was intended that this record should afford notice to the world of the sale of particular lands for unpaid taxes. One of the reasons why such a return is material is that the owner may have notice of the sale and be enabled to contest the validity of the sale or to exercise his power of redemption within the prescribed period. The requirements of the statute dealing with the report to be made to court by the city treasurer are just as vital as those which prescribe what must occur and what the treasurer must do before he may expose the land to sale at public auction. The title of the purchaser at such a sale by the treasurer is not perfected by the mere sale but is complete only when the return is made and the deed is delivered: *Donnell v. Bell,* 10 Pa. 341, 346. In this respect a treasurer's sale for delinquent taxes differs from a sheriff's sale. The provision requiring a return is mandatory: *Gregory v. Davis,* 117 Pa. Superior Ct. 1, 177 A. 331; 117 A. L. R. 726, note.

These rules of construction and principles are applied as well to requirements subsequent to the sale as to those prior to the sale. The strictness with which they are enforced is illustrated by the case of *Osmer v. Sheasley,* 219 Pa. 390, 68 A. 965. The statute there involved made the acknowledgment of the treasurer's deed in open court one of the essentials of a valid sale. There was attached to the deed what purported to be an acknowledgment in open court, but no record of the acknowledgment was made on the court minutes or in any court docket. Following the case of *Lee v. Newland,* 164 Pa. 360, 30 A. 258, we held that the deed did not pass a valid title because there was not a record of the acknowledgment in the minutes of the court and that such record was the only proper evidence of the acknowledgment. (This was later modified by statute.) The Superior Court, in *Gregory v. Davis,* supra, in construing the Act of May 9, 1929, P. L. 1684 (72 PS §5951), which provides that the county treasurer shall make a return of the tax sale at the first term of the court of common pleas succeeding the sale, held that this provision was mandatory and that the statute was not complied with by making a return to a later term.

There are some jurisdictions where the courts, in dealing with similar provisions for tax sales, have held that only substantial compliance with the statutory requirements is demanded. In this state and in most other jurisdictions the officers entrusted with such duties, when acting outside the course of the common law, are held to a strict performance. The return relied upon by the plaintiff does not show even a substantial compliance with the statutory requirements. Section 5 requires certain information as to "each respective" property sold. We assume that such information was given as to thirty-six properties with which we are not concerned, but the return relied upon fails to show the facts with reference to the defendant's land and the

land of over sixteen hundred other taxables. The indefinite blanket statement attached to a portion of the return which affected another property sold to a private individual was not a return of information as to each respective property.

The treasurer declared in his return "that on the first Monday of June, 1918, to wit, June 3, 1918, *and at various other dates,* by adjournment duly made, the lots hereinafter described were sold to the various bidders as set forth." (Italics supplied.) Only thirty-six of the lots sold, none of which was the land in question, were thereinafter described. Consequently, it cannot be ascertained from the return when the sale of this lot in fact took place. The exact date of sale was of importance in determining the period within which the land could be redeemed, as well as for other purposes. There was not even an attempt made to show the year for which the tax was assessed, the amount of the tax, or the price for which the particular property with which we are concerned was sold.

There are undoubtedly mere irregularities in tax sales which, under the applicable law, are cured by final confirmation or its equivalent, but the defects contained in this alleged return are much more serious, particularly when we consider their cumulative effect. It was defective as to the description of the property, the year for which the tax was assessed, the amount of that tax, and the price for which the land was sold. We believe the lower court was justified in finding, as it did, that this alleged report made to the court was not in fact the kind of a return that is required. Our conclusions are in harmony with the interpretations heretofore placed by us on section 4 of the Act of March 13, 1815, P. L. 177 (72 PS §6091). That statute cured mere formal irregularities in the assessments, process, and other proceedings in sales by county treasurers but was held not to cure jurisdictional defects and vital irregu·

larities. It cured irregularities in the process but did not cure the want of process: *Bratton v. Mitchell*, 1 W. & S. 310; *Lyman v. Phila.*, 56 Pa. 488; *Miller v. Hale*, 26 Pa. 432, 437; *Reading v. Finney*, 73 Pa. 467; *Laird v. Hiester*, 24 Pa. 452, 463. The return was necessary to support the deed. Since the return was fatally defective the deed must be held invalid.

Plaintiff also offered in evidence a record at No. 83 October Term, 1919. The printed record gives us no information as to that document other than the fact that if it was intended to be a return it was never confirmed absolutely and the court below so found. It is suggested in the briefs that there was in that record an accurate description of this property. We are unable to determine that fact. Even if this be true the return was too late: *Gregory v. Davis*, supra. On the other hand, if a second return was attempted to be made it would form the basis for a reasonable inference that the treasurer did not deem his first return sufficient.

The plaintiff also argues that the defendant is estopped by its laches from setting up any irregularities in the treasurer's sale. This is a novel proposition. No statute or legal principle has been called to our attention which requires one in possession of real estate to attack the title of one out of possession. In *Simpson v. Meyers*, 197 Pa. 522, 47 A. 868, the action was brought more than twenty-five years after the tax title matured. That the defendant was in possession of this land is conclusively shown by the fact that this action in ejectment was brought pursuant to a rule to bring ejectment granted upon the petition of the defendant: *Mildren v. Nye*, 240 Pa. 72, 87 A. 607.

Judgment affirmed.